UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **DEBORAH GLAESER** )<br>    **Plaintiff** )<br> )<br>**v.** )<br> )<br> )<br> )<br> )<br>**NCO FINANCIAL SYSTEMS, INC., JOHN DOE** )<br>**#1 a/k/a WILL MACKIE, & JOHN DOE #2 a/k/a** )<br>**MR. STATZWORTH** )<br>    **Defendants** )<br> ) | **CIVIL ACTION**<br><br><br>**JURY TRIAL**<br>**CLAIMED**<br><br><br>**FEBRUARY 24, 2011** |

<u>**COMPLAINT**</u>

1.  This is a suit brought by a consumer who has been harassed and abused by Defendant collection agency.  This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* and includes pendent State law claims for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.* and for intentional infliction of emotional distress.

2.  Plaintiff, Deborah Glaeser, is a natural person residing in Manchester, Connecticut.

3.  Defendant, NCO Financial Systems, Inc., ("NCO"), is a Pennsylvania corporation and is licensed by the Connecticut Department of Banking as a Consumer Collection Agency.

4.  John Doe #1 a/k/a Will Mackie is an employee of NCO that works as a debt collector. Will Mackie's identity and state of residence are not known to Plaintiff but are ascertainable through discovery.

5. John Doe #2 a/k/a Mr. Statzworth is an employee of NCO that works as a debt collector. Mr. Statzworth's identity and state of residence are not known to Plaintiff but are ascertainable through discovery.

6. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337 and 1367, and Fed. R. Civ. P. 18(a).

7. This Court has jurisdiction over the defendants because they engage in debt collection activities within Connecticut.

8. Venue in this Court is proper, as Plaintiff is a resident of Connecticut and the acts complained of occurred in this state.

9. Chase Bank claimed a consumer debt against Plaintiff that was assigned to NCO for collection purposes (the "Account").

10. On or around December 7, 2010, Will Mackie called Plaintiff's home and left a message in an attempt to collect the Account; that message failed to state that it was a communication from a debt collector, and it also implied that a lawsuit against Plaintiff was pending and would proceed or that the commencement of such a lawsuit was imminent.

11. Plaintiff called NCO back later that day in response to the aforementioned message, and she asked to speak with Will Mackie, but instead NCO connected her to Mr. Statzworth, and during that conversation, Mr. Statzworth yelled at Plaintiff that she needed to pay the Debt immediately and that she should enlist a relative to loan her the money to pay the Debt or charge it to her credit card, and he demanded that she give him her Social Security Number and bank account information; during that call, Mr. Statzworth failed to state that it was a communication from a debt collector.

2

12. Intimidated by NCO's threats, Plaintiff wired NCO a $100 payment through *bank, which payment Plaintiff neither wanted to pay nor could afford;* upon later consulting with an attorney and determining that it was not in her best interest to send NCO that $100 payment, Plaintiff instructed her bank to put a stop payment on it, and she incurred a $30 fee as a result.

13. Plaintiff had to take medication to help her relieve the stress and anxiety she suffered as a result of Will Mackie's and Mr. Statzworth's collection activities, and she also had to call and speak with her daughter to help her relieve the stress she was experiencing as a result of those activities.

14. On or around December 9, 2010, Will Mackie called Plaintiff's home and left a message in attempt to collect the Debt; that message failed to state that it was a communication from a debt collector.

15. Will Mackie also called Plaintiff's home and left messages in attempt to collect the Debt on or around December 10, 2010 and on or around December 13, 2010; Will Mackie failed to state on either of those messages that it was a communication from a debt collector.

16. On December 14, 2010, Will Mackie called Plaintiff's home in attempt to collect the Debt and left a message which stated that Plaintiff had to call him back by 4 PM or else they would hand the file over to the bank for further action. That message failed to state that it was a communication from a debt collector.

17. On or around December 21, 2010, Plaintiff communicated to NCO by phone that she had an attorney, and she provided NCO with her attorney's contact information.

3

18. On or around December 21, 2010, Will Mackie called and spoke with Plaintiff's attorney and asked him whether she intended to pay the Debt, and Plaintiff's attorney informed him that Plaintiff refused to pay the Debt and that all future communication should be directed to the attorney and not to Plaintiff; during that conversation, Will Mackie failed to state that it was a communication from a debt collector, and when Plaintiff's attorney asked for NCO's address so he could send NCO a letter on Plaintiff's behalf, Will Mackie hung up.

19. Around that same time, NCO called Plaintiff and left a message in an attempt to collect the Debt, and Plaintiff called NCO back in response to that message, and she was connected with Will Mackie, and during that conversation, he acknowledged that he had spoken with Plaintiff's attorney, and he nevertheless proceeded to attempt to collect the Debt from Plaintiff.

20. Will Mackie continued to call Plaintiff's home in attempt to collect the Debt notwithstanding that he knew or should have known of Plaintiff's attorney's contact information, and this caused Plaintiff emotional distress in the form of fear, worry, and anxiety.

21. NCO, Will Mackie, and Mr. Statzworth violated the FDCPA and committed intentional infliction of emotional distress, and NCO violated CUTPA by their collection activities, as described above.

WHEREFORE, the Plaintiff prays for the following relief:

Actual damages (including emotional distress related damages), statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692k; monetary damages pursuant to Conn. Gen. Stat. §42-110g; punitive damages pursuant to Conn. Gen. Stat. § 42-110g; attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g, and such other relief as this Court deems appropriate.

**PLAINTIFF, DEBORAH GLAESER**

By: _____
Daniel S. Blinn, ct02188
Matthew W. Graeber, ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408; Fax. (860) 571-7457